## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

_____

| | |
|---|---|
| THEATRICAL STAGE EMPLOYEES ) | |
| UNION, LOCAL NO. ONE, I.A.T.S.E., ) | |
| TRUSTEES OF THE PENSION FUND ) | |
| OF LOCAL NO. ONE, I.A.T.S.E., ) | |
| TRUSTEES OF THE WELFARE FUND ) | |
| OF LOCAL NO. ONE, I.A.T.S.E., AND ) | |
| TRUSTEES OF THE ANNUITY FUND ) | |
| OF LOCAL NO. ONE, I.A.T.S.E. ) | CIVIL ACTION |
| ) | NO: |
| Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | |
| IKWIA, INC., RACHELLE SIMS, AND ) | |
| JASON PERSADI ) | |
| ) | |
| Defendants. ) | |

_____ )

## <u>COMPLAINT</u>

Plaintiffs, the Theatrical Stage Employees Union, Local No. One, I.A.T.S.E.

("Local No. One"), on behalf of itself and its individual members, and the Trustees

of the Pension Fund, Welfare Fund, and Annuity Fund of Local No. One (together

the "Funds"), by and through counsel, bring this action to compel Defendants

IKWIA, Inc. ("IKWIA"), Rachelle Sims ("Sims"), and Jason Persadi ("Persadi") to

pay wages, Fund contributions, payroll deductions, interest, liquidated damages,

and attorneys' fees and costs, pursuant to the Employee Retirement Income

Security Act of 1974, as amended ("ERISA"), and the Labor Management Relations Act of 1947, as amended ("LMRA"). Plaintiffs respectfully allege the following:

## JURISDICTION

1.     This Court has jurisdiction over the subject matter of this action under 29 U.S.C. §§ 1132, 1145; 29 U.S.C. § 185(a); and/or 28 U.S.C. § 1331. The claims asserted are all made under federal statutes or federal common law, but the supplemental jurisdiction of the Court under 28 U.S.C. § 1367(a) also extends to any claims that are found to lie under state law.

## VENUE

2.     Venue lies in the Northern District of Georgia under 29 U.S.C. § 1132(e)(2), 29 U.S.C. § 185(a) and/or 28 U.S.C. § 1391(b).

## PARTIES

3.     Local No. One is a labor organization as defined by Section 2(5) of the LMRA, 29 U.S.C. § 152(5), and is signatory to two collective bargaining agreements with IKWIA covering work performed on October 3, 5, 20, and 24, 2018 in Atlanta, Georgia.

4.     The Funds are "employee benefit" plans established under Section 302(c)(5) of the LMRA, 29 U.S.C. § 186(c)(5), and within the meaning of Section

3(3) of ERISA, 29 U.S.C. § 1002(3). The principal place where the Funds are administered is 320 West 46th Street, 6th Floor, New York, New York 10036.

5.     The purpose of the Funds is to receive contributions from employers who are parties to collective bargaining agreements with Local No. One, to invest and maintain those monies, and to provide pension, welfare, annuity, and training benefits to those qualified to receive them.

6.     Defendant IKWIA is a domestic profit corporation organized and existing under the laws of the State of Georgia with its principal place of business at 541 Tenth Street NW #202, Atlanta, Georgia 30318, which is a mailbox located within a UPS store. IKWIA is an employer engaged in an industry effecting commerce within the meaning of Sections 3(5), 3(11), 3(12), and 4(a)(1) of ERISA, 29 USC §§ 1002(5), 1002(11), 1002(12), and 1003(a)(1), and Sections 2(2), 2(6), and 2(7) of the LMRA, 29 U.S.C. §§ 152(2), 152(6), and 152(7).

7.     Defendant Sims is Administrator of IKWIA and personally guaranteed IKWIA's obligations to Local No. One and the Funds under the collective bargaining agreements between Local No. One and IKWIA. Upon information and belief, Sims resides at 127 Roswell Commons Way, Roswell, Georgia 30076. Upon information and belief, Sims is also known as Rachelle Persadi.

3

8.      Defendant Persadi is the CEO, Secretary, CFO, and registered agent of IKWIA. Upon information and belief, Persadi resides at 127 Roswell Commons Way, Roswell, Georgia 30076.

## FACTS

9.      Defendant IKWIA employed various employees represented by Local No. One on October 3, 5, 20, and 24, 2018 for events held at the Marriott Marquis located at 265 Peachtree Center Ave NE, Atlanta, Georgia 30303.

10.     Defendant IKWIA executed a collective bargaining agreement with Local No. One for the work performed on October 3 and 5, 2018. A copy of the collective bargaining agreement covering the work performed on October 3 and 5 is attached hereto as Exhibit "1."

11.     Defendant IKWIA executed a second collective bargaining agreement with Local No. One for the work performed on October 20 and 24, 2018. A copy of the collective bargaining agreement covering the work performed on October 20 and 24 is attached hereto as Exhibit "2."

12.     Under the terms of the collective bargaining agreements, IKWIA agreed to pay certain wage rates to employees represented by Local No. One.

13.     Under the terms of the collective bargaining agreements, IKWIA agreed to pay a total benefit package to the Funds of 34% of gross wages of

4

employees represented by Local No. One. Specifically, IKWIA agreed to pay 7.5% of gross wages to the Pension Fund, 14.5% of gross wages to the Welfare Fund, 11% of gross wages to the Annuity Fund. Additionally, Defendants agreed to pay 1% of gross wages to the Training, Education and Technology Fund of Local No. One (the "TET Fund").

14.     Under the terms of the collective bargaining agreements, IKWIA agreed to deduct ("check-off") 4% of gross wages from represented employees and remit those amounts to Local No. One.

15.     Sims, Administrator of IKWIA, executed the collective bargaining agreements as an agent for IKWIA and also personally guaranteed IKWIA's obligations to Local No. One and the Funds.

16.     Local No. One members Lamar Page, Gregorio Brion, Jennifer Chavez, Jason Ehrens, Anthony DePaulo, Erik Putz, and James McKenna performed work for IKWIA on October 3 and/or October 5, 2018.

17.     Local No. One members Christina McConway, Gary Jean, and Leo Eiesle performed work for IKWIA on October 20 and/or October 24, 2018.

18.     Defendants refused to pay the wages to the aforementioned individuals due under the collective bargaining agreements. Defendants also refused to pay the benefit contributions due to the Funds under the collective

5

bargaining agreements. Defendants further refused to check-off and remit 4% of gross wages to Local No. One.

19.     Attached hereto as Exhibit "3" is an invoice for the wages, Fund contributions, and check-off deductions due under the collective bargaining agreement covering work on October 3 and 5, 2018. Attached hereto as Exhibit "4" are the wages, Fund contributions, and check-off deductions due under the collective bargaining agreement covering work on October 20 and 24, 2018.

20.     The total gross wages due to the employees under the collective bargaining agreements is $5,667.08. The amount due to the Pension Fund is $442.74. The amount due to the Welfare Fund is $855.97. The amount due to the Annuity Fund is $649.36. The amount due to the TET Fund is $59.02. The check-off amount due to Local No. One is $263.13.

21.     The Funds were established by Agreements and Declaration of Trusts that provide that in an enforcement action to recover unpaid contributions from an employer, the Funds are entitled to liquidated damages in an amount equal to the greater of: 1) the interest on the unpaid contributions, or (2) twenty percent (20%) of the unpaid contributions.

22.     For all times relevant to this lawsuit, the corporate registration for IKWIA filed with the Georgia Secretary of State lists Defendant Persadi as

registered agent for IKWIA. For all times relevant to this lawsuit, a mailbox located within a UPS store is provided as the physical address of Persadi as registered agent.

23.     Upon information and belief, at all times relevant to this lawsuit, IKWIA was grossly undercapitalized for the purposes of its corporate undertaking, was a mere instrumentality for the transactions of Persadi's own affairs, and was merely a facade for Persadi's own operations.

24.     All conditions precedent to this lawsuit or the relief it seeks have been satisfied.

## COUNT I – CONTRIBUTIONS UNDER ERISA

### FUNDS

### v.

### DEFENDANTS IKWIA and SIMS

25.     The allegations of Paragraphs 1 through 24 are incorporated by reference as if fully restated.

26.     The Funds are adversely affected and damaged by Defendants violations of Section 51 of ERISA, 29 U.S.C. § 1145.

27.     IKWIA is signatory to the collective bargaining agreements obligating payment to the Funds. Sims personally guaranteed the obligations.

28.     Defendants IKWIA and Sims are liable to the Funds under Section 51 of ERISA, 29 U.S.C. § 1145, for delinquent benefits and contributions in the following amounts:

    (a)     $442.74 in unpaid contributions to the Pension Fund pursuant to 29 U.S.C. § 1132(g)(2)(A);

    (b)     $855.97 in unpaid contributions to the Welfare Fund pursuant to 29 U.S.C. § 1132(g)(2)(A);

    (c)     $649.36 in unpaid contributions to the Annuity Fund pursuant to 29 U.S.C. § 1132(g)(2)(A);

    (d)     Interest on all unpaid contributions pursuant to 29 U.S.C. § 1132(g)(2)(B);

    (e)     Liquidated damages of an amount equal to the greater of 20% of the unpaid contributions or the interest on the unpaid contributions pursuant to 29 U.S.C. § 1132(g)(2)(C);

    (f)     Attorneys' fees pursuant to 29 U.S.C. § 1132(g)(2)(D);

    (g)     Costs of this action pursuant to 29 U.S.C. § 1132(g)(2)(D); and

    (h)     All additional attorneys' fees and costs incurred in the enforcement and collection of a judgment in this action.

## COUNT II – CONTRIBUTIONS UNDER CONTRACT

## LOCAL NO. ONE

## v.

## DEFENDANTS IKWIA and SIMS

29.     The allegations of Paragraphs 1 through 28 are incorporated by reference as if fully restated.

30.     IKWIA is signatory to the collective bargaining agreements obligating payment to the employees represented by Local No. One and to the Funds. Sims personally guaranteed the obligations.

31.     Defendants IKWIA and Sims have refused to pay Local No. One, the employees it represents, and the Funds, as required by the collective bargaining agreements.

32.     Local No. One, the employees it represents, and the Funds have been damaged as a proximate result of Defendants' breach of the collective bargaining agreements.

33.     Defendants are liable to Plaintiff Local No. One under Section 301 of the LMRA, 29 U.S.C. § 185, for unpaid wages, benefits, and check-off deductions due under the collective bargaining agreements in the following amounts:

(a)     $5,667.08 in gross wages due to those employees identified in

Exhibits 3 and 4;

(b)     $442.74 in unpaid contributions to the Pension Fund;

(c)     $855.97 in unpaid contributions to the Welfare Fund;

(d)     $649.36 in unpaid contributions to the Annuity Fund;

(e)     $59.02 in unpaid contributions to the TET Fund;

(f)     $263.13 in unremitted check-off deductions to Local No. One;

(g)     Liquidated damages of an amount equal to the greater of 20% of the unpaid contributions or the interest on the unpaid contributions; and

(h)     Attorneys' fees and costs incurred in this action and the enforcement and collection of a judgment in this action.

## COUNT III – ALTER EGO/PIERCED VEIL LIABILITY

### LOCAL NO. ONE AND FUNDS

### v.

### DEFENDANT PERSADI

34.     The allegations of Paragraphs 1 through 33 are incorporated by reference as if fully restated.

35.     Defendant Persadi willfully failed to follow corporate formalities required under Georgia law by listing a mailbox within a UPS store as the physical

address for himself as IKWIA's registered agent.

36.     Defendant IKWIA serves as an alter ego of Defendant Persadi and IKWIA is a mere instrumentality for the transactions of Persadi's own affairs .

37.     The corporate veil of IKWIA should be pierced and Defendant Persadi held personally liable for the sums currently due to Plaintiffs, together with liquidated damages, interest, costs, and attorneys' fees incurred in this action and the collection or enforcement of any judgment.

**WHEREFORE**, Plaintiffs respectfully ask that the Court:

(1)     Enter judgment against Defendants and in favor of Plaintiffs, for the sums currently due, together with liquidated damages, interest, costs, and attorneys' fees incurred in this action and the collection or enforcement of any judgment.

(2)     Grant such other relief, legal or equitable, as may be just, necessary, or appropriate.

DATED this 1st day of April, 2019.

By:     s/ Michael B. Schoenfeld
        Georgia Bar No. 863727
        Stanford Fagan LLC
        2540 Lakewood Avenue SW
        Atlanta, GA 30315
        (404) 622-0521, ext. 2244
        michaels@sflawyers.com